IrAMY, Judge.
The plaintiffs appeal the granting of the defendants’ Motion to Dismiss for Want of Prosecution. We affirm.
Factual and Procedural Background
The plaintiffs, Clarence and Batricia Mouton, filed suit on May 26,1993, seeking damages related to an automobile accident. Susan A. Patch, Linda Patch, and Louisiana Insurance Guaranty Association were named as defendants. An answer was filed July 19, 1993. The record reveals that no actions were taken or filings made until 1995. In 1995 and early 1996, the only steps taken were the withdrawal and re-enrollment of defense counsel. In September 1996, the defendants filed a motion to compel discovery. The motion was granted by the trial court and an order issued October 30, 1996. The only other filing in 1996 was, again, a motion to substitute counsel on behalf of the defendants.
The record indicates that the next step taken was on July 12, 2001, when the plaintiffs filed a Motion to Fix for Trial. This was the plaintiffs’ first filing since the suit was instituted on May 26, 1993. The matter was assigned a trial date of October 22, 2001. In July 2001, plaintiffs’ counsel withdrew from the matter. On September 28, 2001, the defendants filed an Ex Parte Motion and Order of Dismissal for Want of Prosecution, asserting that more than three years had elapsed since any steps were taken in the prosecution or defense of the matter. On October 5, 2001, the plaintiffs filed a First Amending and Supplemental Petition for Damages. On that same date, the plaintiffs filed a Motion and Order for Continuance. On October 10, 2001, the trial court reset the trial for December 17, 2001. Thereafter, on October 12, 2001, the trial court denied the defendants’ ex parte motion.
| ¡..On October 24, 2001, the defendants filed a Motion for Dismissal for Want of Prosecution, again alleging that more than three years had elapsed without any steps taken in the prosecution or defense of the matter. In the memorandum in support of *1155 the motion, defense counsel argued that the matter was abandoned by 1999 as there were no formal steps taken after 1996. The defense asserted that the abandonment article is self-actuating and no order of abandonment was necessary. At the hearing on the matter, the defendants appeared, but counsel for the plaintiffs submitted the matter on briefs. The trial court granted the defendants’ motion, dismissing the matter on November 16, 2001.
The plaintiffs appeal, asserting that the dismissal was in error. They contend in their brief to this court that: “[Discovery was propounded and served upon defendants on the 9th day of July, 2001. Accordingly, formal discovery is a formal step in the prosecution preventing abandonment (By 1997 amendment of La. C.C.P. art. 561).” The plaintiffs also point to their first amending and supplemental petition, filed in October 2001.
Discussion
La.Code Civ.P. art. 561 provides the following with regard to the abandonment of actions:
A.(1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
(a) Which has been opened.
(b) In which an administrator or executor has been appointed.
(c) In which a testament has been probated.
Ia(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years[1] in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of action.
C. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.
The Louisiana Supreme Court has explained that Article 561 imposes the three following requirements on plaintiffs:
First, plaintiffs must take some “step” towards prosecution of their lawsuit. In this context, a “step” is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step.
*1156 Clark v. State Farm Mut. Auto. Ins. Co., 00-8010, p. 6 (La.5/15/01); 785 So.2d 779, 784. Furthermore, abandonment is self-executing and effective without court order. Id.
| ¿Reviewing the record before us, it is apparent that the trial court’s determination was correct. Suit was filed in 1993. The defendant filed a Motion to Compel Discovery in September 1996. The judgment on the motion to compel was rendered in October 1996.[2] The next indication of any action was in July 2001, when the plaintiffs filed a Motion to Fix for Trial. There is no assertion that there were discovery requests or production during this period. Thus, there was no “step” in the prosecution for in excess of four years. Upon the clear wording of Article 561(A)(2), the abandonment provision is “operative without formal order.... ” The matter was abandoned three years after the last “step” taken toward the prosecution or defense of the matter in 1996. The defendants’ Motion For Dismissal for Want of Prosecution was filed well after the matter was abandoned in 1999.
The plaintiffs’ argument that their actions in 2001, both the filing of the First Amending and Supplemental and Petition for Damages and the Motion to Fix for Trial, constitute “steps” in the prosecution is without merit. The self-executing nature of the statute precludes this type of revival by actions taken subsequent to abandonment. See Middleton v. Middleton, 526 So.2d 859 (La.App. 2 Cir.1988). See also FRANK L. MaRaist and HaRRY T. LemmoN, LouisiaNA Civil Law Treatise, Louisiana Civil Prooedure § 10.4.
Concluding that the instant matter was abandoned prior to the plaintiffs’ 2001 filings, we find no error in the trial court’s granting of the defendants’ Motion For Dismissal for Want of Prosecution.
| ¡¿DECREE
For the foregoing reasons, we affirm the decision of the trial court. All costs of this matter are assigned to the plaintiffs, Clarence Mouton and Batricia Mouton.
AFFIRMED.

. In consideration of Article 561, we are mindful that a 1997 amendment to the Article reduced the period of abandonment from five years to three years. See Acts 1997, No. 1221 § 1. Although the amendment became effective July 1, 1998, during which the instant matter was pending, it is clearly applicable. Acts 1997, No. 1221 provides: “Section 2. This Act shall become effective on July 1, 1998, and shall apply to all pending actions.” See also Griffin v. Campbell, 00-468 (La.App. 3 Cir. 11/2/00); 772 So.2d 370.

. Although there is no evidence of a response to the discovery order in the record, the defendants state in their brief to this court that the plaintiffs answered the discovery request on November 7, 1996.