WILLIAMS, J.
| ¡¿Plaintiff, Mary M. Brown, appeals the judgment of the trial court dismissing her personal injury lawsuit on the basis of abandonment. For the following reasons, we affirm.
FACTS
On August 18, 2005, plaintiff, Mary M. Brown, filed a petition for damages, naming Michael T. Borg and his automobile insurer, State Farm Mutual Automobile Insurance Company (“State Farm”), as defendants. Therein, plaintiff alleged that on August 19, 2004, a vehicle driven by Borg collided with her vehicle, causing her to sustain “severe and permanent” personal injuries. Attached to the|spetition were interrogatories and' requests for production of documents propounded to defendants.
On October 19, 2005, defendants filed an answer, along with a request for notice of trial and judgment, interrogatories and requests for production of documents. On July 17, 2006, plaintiffs responses to discovery were forwarded to defendants’ counsel.
On November 28, 2007, defense counsel wrote a letter to plaintiffs counsel requesting responses to discovery requests. The letter stated:
By letter dated October 18, 2005, I forwarded to your client Interrogatories and a Request for Production of documents. Your response to this discovery is necessary in order for me to evaluate your client’s claim. Please ask your client to respond to my discovery within the next ten days.
Enclosed, please find a copy of a Motion to Compel which I have prepared but not yet filed. Additionally, I would like to schedule a Rule 10.1 Telephone Con *380 ference for December 10, 2007, at 10:00 a.m. I will call you at that time to discuss any discovery issues. If your client is able to respond to my discovery requests prior to that date, then the conference and the filing of the Motion to Compel will not be necessary.
[[Image here]]
By letter dated December 10, 2007, plaintiffs counsel responded as follows:
This letter is in response to your November 28th request for a Rule 10.1 conference. The Discovery you request was delivered to your office July 17th, 2006. As your records should indicate!,] we have had additional communications including providing your office with medical release information. Our last communication wás a telephone call of August the 9th, 2007[,] in which I requested copies of the medical information you obtained using the medical, releases. Additionally, we discussed my preparation of affidavits indicating there were no additional insurance funds/policies available for your clients’ signatures. I will send you copies of the affidavits upon receipt of the medical information from your office.
If you would send me the medical information we discussed, I feel certain- we can close this matter reasonably soon.
[[Image here]]
No further communication was exchanged between the parties, and there were no other filings in the record.
On October 16, 2009, defendants filed a motion and order to dismiss on grounds of abandonment, pursuant to LSA-C.C.P. art. 561. Defendants alleged that no steps in the prosecution or defense of this matter were taken after July 17, 2006. Thereafter, on October 19, 2009, the district court signed an ex parte order, dismissing the lawsuit on grounds of abandonment. Subsequently, plaintiff filed a motion to set aside the judgment of dismissal. Following a hearing on ^February 4, 2010, the district court denied plaintiffs motion to set aside the judgment.
Plaintiff appeals.
DISCUSSION
The sole issue before this court is whether defense counsel’s letter, conditionally requesting a Rule 10.1 conference,[1] qualifies as a “step in the prosecution or defense” of this action. Plaintiffs counsel argues that he was “present” and prepared for the Rule 10.1 conference on December 10, 2007, and defense counsel never called at the time he had proposed in the letter.
LSA-C.C.P. art. 561 provides, in pertinent part:
A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[;]
[[Image here]]
(3) This provision shall be operative without formal order, but, on ex parte *381 motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment[.]
[[Image here]]
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
[[Image here]]
1 ^Consequently, LSA-C.C.P. art. 561 sets forth three requirements: (1) that a party take some “step” in the prosecution or defense of the action; (2) that it be done in the trial court on the record of the suit, with the exception of formal discovery; and (3) that the step be taken within three years of the last step taken by either party. James v. Formosa Plastics Corp. of Louisiana, 2001-2056 (La.4/3/02), 813 So.2d 335; State v. White, 41,802 (La.App.2d Cir.3/28/07), 954 So.2d 291.
A party takes a “step” in the prosecution or defense of an action when he or she takes formal action before the court, or on the record, intended to hasten the matter to judgment, or when the party conducts formal discovery or takes a deposition, with or without formal notice. See, James, supra; Clark v. State Farm Mut. Auto. Ins. Co., 2000-3010 (La.5/15/01), 785 So.2d 779. Courts have recognized two exceptions to the rule of abandonment: (1) when the failure to prosecute was caused by circumstances beyond the plaintiffs control and (2) when the defendant waived his right to plead abandonment by taking action in the case inconsistent with an intent to treat the case as abandoned. Jones v. Phelps, 95-0607 (La.App. 1st Cir.11/9/95), 665 So.2d 30, writ denied, 95-2907 (La.2/2/96), 666 So.2d 1104; See also Clark, supra.
In Moore v. Eden Gardens Nursing Center, 37,362 (La.App.2d Cir.6/25/03), 850 So.2d 998, the plaintiff filed a lawsuit against the defendant on March 18, 1998; the defendant propounded interrogatories to the plaintiff in April 1999; a deposition was taken on May 26, 1999. On August 12, 1999, the defendant’s counsel sent a letter to the plaintiff demanding responses to discovery and threatening to file' a motion to compel. On June 7, 2002, the defendant moved for dismissal on grounds of abandonment, alleging that the deposition was the last step in the prosecution or defense of the action. In response to the motion, the plaintiff argued that the August 1999 letter interrupted the period of abandonment because the letter “evincefd] an intent by the defendant to proceed with the case[.]” This court held that the letter did not constitute a step in the prosecution or defense of the matter, stating:
[The defendant’s] letter was not a new discovery action[.] The letter was a follow up to its previous discovery action, to which [the plaintiff] had not responded. As such, the letter was an action notifying [the plaintiff] of her inaction in the case. The letter thus implicitly evoked the purpose of the abandonment statute, ‘that suits, once filed, should not indefinitely lingerf.]’ [The defendant’s] action, |Rtherefore, represented neither a specific discovery action which is recognized as a “step” preventing abandonment nor a waiver of the abandonment period which had begun to run because of [the plaintiffs] inaction.
Id. at 1001. (Internal’citations omitted).
Similarly, in the instant case, defense counsel’s letter did not constitute a new *382 discovery action. In the letter, defense counsel demanded responses to previously propounded discovery and threatened to file a motion to compel if the responses were not provided. Additionally, defense counsel requested a Rule 10.1 conference, on the condition that discovery responses were not provided. The letter specifically stated, “If your client is able to respond to my discovery requests prior to that date, then the conference and the filing of the Motion to Compel will not be necessary.” Thereafter, plaintiffs counsel responded to the letter, informing defense counsel that plaintiff had responded to the discovery requests on July 17, 2006. Plaintiffs counsel also requested responses to discovery from the defendant. Subsequently, there was no written or oral communication between the parties-for nearly two years, and the record is devoid of evidence of any formal action since July 17, 2006.
li)After reviewing this record and the pertinent law, we find that defendant’s demand for responses to discovery — accompanied by a conditional request for a Rule 10.1 conference and a threat to file a motion to compel discovery responses which had already been propounded — cannot be considered a formal action before the court or a method of formal discovery. The letter merely notified plaintiffs counsel, albeit erroneously, that plaintiff had not responded to discovery requests. Therefore, we find that the letter was neither a step in the prosecution or defense of this matter nor a waiver of the abandonment period, which commenced to run on July 17, 2006. Accordingly, we find no error in the trial court’s ruling denying the motion to set aside the judgment.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff, Mary M. Brown.
AFFIRMED.

. Rule 10.1 of the .Louisiana District Court Rules, provides:
Before filing any discovery motion, the moving party shall attempt to arrange a conference with the opposing party for the purpose of amicably resolving the discovery dispute. The conference may be conducted in person or by telephone. The discovery motion shall include a certificate stating:
(a) that the parties have conferred in person or by telephone as required by this Rule and the reasons why they were unable to agree; or
(b) that opposing counsel has refused to confer after reasonable notice. If the court finds that opposing counsel has willfully failed to confer, or failed to confer in good faith, the court may impose sanctions.