KNOLL, Justice.
h This civil case presents the issue of whether scheduling a discovery conference pursuant to Rule 10.1 of the Rules for Louisiana District Courts constitutes a “step” in the prosecution or defense of an action sufficient to prevent abandonment of the action under La.Code Civ. Proc. art. 561.
After plaintiff, Louisiana Department of Transportation and Development (“DOTD”), failed to timely respond to discovery requests, defendant, Oilfield Heavy Haulers, L.L.C. (“OHH”), sent a letter to DOTD on April 24, 2007, requesting a Rule 10.1 discovery conference. Subsequently, DOTD served its discovery responses on OHH, but neglected to serve the other defendants.
No formal action occurred in the case until April 22, 2010, when the District Court granted defendants’ ex parte motion for an order of dismissal on the basis of abandonment. The Court of Appeal affirmed, finding DOTD’s discovery responses and OHH’s letter did not constitute steps in the prosecution or defense of the action. We granted this writ to address the correctness vel non of the appellate court’s decision. La. Dep’t of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C., 11-0912 (La.6/24/11); 64 So.3d 224. For the following reasons, we find scheduling a Rule 10.1 conference constitutes a step in the prosecution or defense |2of an action sufficient to interrupt abandonment.[1] Therefore, we reverse the judgment of the *980 Court of Appeal and remand to the District Court for further proceedings.
FACTS
On August 30, 2006, DOTD filed suit against defendants for property damage allegedly caused to two overpasses of Interstate 10 in Acadia Parish. DOTD alleges a vehicle owned by OHH, leased to Ace Transportation, Inc. (“Ace Transportation”), insured by Liberty Mutual Fire Insurance Company (“Liberty Mutual”), and driven by David Kyle Vincent, II (collectively “defendants”), was carrying an oversized load when it struck the overpasses in both the east and westbound lanes. Defendants filed responsive pleadings, including a cross-claim and third party demand by Ace Transportation, Vincent, and Liberty Mutual.
On March 15, 2007, OHH sent Interrogatories and Requests for Production to DOTD, which DOTD did not timely answer in accordance with La.Code Civ. Proc. art. 1458. Consequently, on April 24, 2007, counsel for OHH sent a fax to DOTD’s counsel stating:
Your client’s discovery responses are well overdue. Pursuant to Rule 10.1 of the Louisiana Uniform Rules, I would like to schedule a discovery conference for purposes of filing a Motion to Compel. Please be advised that we will contact your office on Friday April 27, 2007, at 2:30 p.m. in order to conduct the necessary discovery conference if I have not received your client’s responses pri- or to that time.
OHH’s counsel also faxed a copy of this correspondence to counsel for the remaining defendants. Counsel for DOTD and OHH conferred by phone on April 26, 2007, and apparently reached an agreement concerning DOTD’s overdue responses. DOTD sent its formal discovery responses to counsel for OHH on May |s10, 2007, but neglected to send a copy of these responses to the remaining defendants.
No formal activity took place in the case until April 20, 2010, when DOTD sent Requests for Admissions to all defendants and filed them into the trial court record on April 22, 2010. Subsequently, on May 21, 2010, Ace Transportation, Vincent, and Liberty Mutual filed an ex parte Motion for Dismissal of the action on the basis of abandonment. On May 24, 2010, the District Court signed the judgment granting dismissal of all claims. DOTD then filed a Motion to Vacate and Set Aside Order of Dismissal. Following a hearing, the District Court denied DOTD’s motion.
The Court of Appeal, Third Circuit, affirmed the judgment of the District Court. Relying on La.Code Civ. Proc. art. 561(B), which states “[a]ny formal discovery ... served on all parties ... shall be deemed to be a step in the prosecution or defense of an action,” the court found DOTD’s formal discovery responses did not constitute a step in the prosecution of its action, as it did not serve its responses on “all parties,” only on OHH. La. Dep’t of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C., 10-1392, p. 4-5 (La.App. 3 Cir. 4/6/11); 62 So.3d 308, 311.
The court also held OHH’s April 24, 2007 letter scheduling a Rule 10.1 conference did not constitute a step in the prosecution of the action. According to the court, “[ejxtrajudicial efforts, such as informal discussions and correspondence between the parties, have uniformly been considered insufficient to constitute a step for purposes of interrupting or waiving abandonment.” Id., p. 5-6; 62 So.3d at 311 (internal quotations and citations omitted). Finding the April 24, 2007 letter was merely a correspondence between the parties, the court reasoned it was not formal discovery under Article 561(B) and was insufficient to constitute a step in the pros- *981 eeution of the action. Id., p. 6; 62 So.3d at 312.
14Judge Saunders dissented and assigned reasons. First, he argued, dismissal of DOTD’s entire suit due to its “inadvertent failure” to serve its discovery responses on all the parties was not in keeping with the purpose of Article 561, “not to dismiss suits whose plaintiffs have no intention of abandoning them based on a mere technicality.” Id., p. 1; 62 So.3d at 312 (Saunders, J., dissenting) (citation omitted). Second, as a Rule 10.1 conference is a prerequisite to filing any discovery motions, scheduling a Rule 10.1 conference constitutes a step in the prosecution of the action. Id., p. 2; 62 So.3d at 312-13. OHH’s April 24, 2007 letter could be construed as a step, because “it actually did hasten the suit forward, as DOTD answered the outstanding discovery.” Id., p. 2; 62 So.3d at 312. Judge Saunders also noted:
Affirmation of this case results in a situation where DOTD would likely have been in a stronger position relative to abandonment had it merely ignored OHH’s letter and not answered the discovery. Then, more likely than not, OHH would have filed a motion to compel the answer of that discovery, thus interrupting abandonment.

Id.

DISCUSSION
The controlling statute in this case is La.Code Civ. Proc. art. 561, which provides in part:
A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
Article 561 imposes three requirements to avoid abandonment: (1) a party must take some “step” in the prosecution or defense of the action; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within three years of | Bthe last step taken by either party; sufficient action by either, plaintiff or defendant will be deemed a step. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, p. 5-6 (La.5/15/01); 785 So.2d 779, 784.
A “step” is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery. See James v. Formosa Plastics Corp. of La., 01-2056, p. 4 (La.4/3/02); 813 So.2d 335, 338. A step by one party prevents abandonment as to all of the parties, even though they are not solidarily liable. Delta Dev. Co., Inc. v. Jurgens, 456 So.2d 145, 146 (La.1984).
The purpose of Article 561 is the prevention of protracted litigation filed for purposes of harassment or without a serious intent to hasten the claim to judgment. See Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983). Abandonment is not a punitive concept; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court and not to lose same by some technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription. Clark, 00-3010, p. 10-11; 785 So.2d at 787.
Our jurisprudence has uniformly held Article 561 is to be liberally construed *982 in favor of maintaining a plaintiffs suit. Id., p. 8; 785 So.2d at 785. Because dismissal is the harshest of remedies, any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. Id., p. 10; 785 So.2d at 787. The intention of Article 561 is not to dismiss suits as abandoned based on technicalities, but only those cases where plaintiffs inaction during the three-year period has “ ‘clearly demonstrated his abandonment of the case.’ ” Id., p. 8-9; 785 So.2d at 785-86 (quoting Kanuk v. Pohlmann, 338 So.2d 757, 758 (La.App. 4 Cir.1976), writ denied, 341 So.2d 420 (La.1977)). For the purpose of determining abandonment, |r,“the intent and substance of a party’s actions matter far more than technical compliance.” Thibaut Oil Co., Inc. v. Holly, 06-0313, p. 5 (La.App. 1 Cir. 2/14/07); 961 So.2d 1170, 1172-73.
As an initial matter, we find OHH’s letter should be analyzed under subsection (A)(1) of Article 561, rather than subsection (B) which pertains only to formal discovery. Article 561(B) states “[a]ny formal discovery as authorized by this Code and served on all parties” will constitute a step in the prosecution or defense of an action. In turn, La.Code Civ. Proc. art. 1421 only provides for the following discovery methods: “depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; request for release of medical records; and requests for admission.” Further, Article 1474 specifically provides the service of written objections, notices, requests, affidavits, interrogatories, and answers to interrogatories “shall be considered a step in the prosecution or defense of an action for purposes of Article 561.” La.Code Civ. Proc. 1474(C)(4). Neither OHH’s letter scheduling a Rule 10.1 conference nor the conference itself are discovery methods authorized by the Code and cannot constitute formal discovery for the purposes of Article 561(B). Therefore, we will analyze OHH’s letter under Article 561(A)(1), which states “[a]n action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.... ”
DOTD argues OHH’s April 24th letter scheduling a Rule 10.1 discovery conference constitutes a step in the prosecution of the action, as a discovery conference is a prerequisite to filing a motion to compel discovery or any other discovery motion. In turn, defendants characterize the April 24th letter as an | ./‘extrajudicial effort” and an informal correspondence between the parties for the purpose of following up on an outstanding discovery request.
“Extrajudicial efforts,” such as informal settlement negotiations between parties, have repeatedly been held to be insufficient to constitute a step in the prosecution of the action. Clark, 00-3010, p. 16; 785 So.2d at 790. Indeed, multiple appellate courts have found informal correspondence between parties regarding discovery matters is not a step sufficient to interrupt abandonment.[2] Additionally, courts have held “simply attempting to schedule” a discovery matter, such as depositions, *983 through informal correspondence is not a step in the prosecution of an action.[3]
Recently, the Second Circuit in Brown v. Borg, 45,770 (La.App. 2 Cir. 1/19/11); 57 So.3d 378, writ denied, 11-0333 (La.4/1/11); 60 So.3d 1256, addressed a factual scenario almost identical to the present case. In Brown, defense counsel sent a letter to plaintiffs counsel demanding responses to previously propounded interrogatories, and requesting a Rule 10.1 conference if the discovery responses were not provided. The Second Circuit found the letter merely notified plaintiff she had not responded to discovery requests, and was not a new discovery action, constituting formal discovery. Id., p. 8-9; 57 So.3d at 381-82; see, e.g., Olavarrieta v. St. Pierre, 04-1566, p. 5-6 (La.App. 4 Cir. 5/11/05); 902 So.2d 566, 570, writ denied, 05-1557 (La.12/16/05); 917 So.2d 1118 (holding correspondence inquiring about the status of answers to interrogatories is not formal discovery); Moore v. Eden Gardens Nursing Ctr., 37,362, p. 4-5 (La.App. 2 Cir. 6/25/03); 850 So.2d 998, 1001 (same).
Although Brown is factually on point, we find the Second Circuit’s reasoning was somewhat perfunctory. The court concluded “defendant’s demand for responses to discovery — accompanied by a conditional request for a Rule 10.1 conference” was not a step, viewing the case as analogous to prior cases holding correspondence requesting discovery responses is not formal discovery, and thus, not a step in the prosecution of an action. See Brown, 45,770, p. 7; 57 So.3d at 381 (citing Moore, 37,362, p. 4-5; 850 So.2d at 1001). At no point did the court consider the mandatory nature of Rule 10.1 or whether its practical effect is to “hasten the matter towards judgment.”
We find two cases from the First Circuit are persuasive as to the proper method for analyzing whether a party’s action constitutes a step in the prosecution or defense of their case. In Hidalgo v. Catfish Queen Partnership in Commendam, 06-1531 (La.App. 1 Cir. 5/4/07); 961 So.2d 434, plaintiffs argued their attorney’s written requests for scheduling conferences filed with the court interrupted the abandonment period. The First Circuit analyzed plaintiffs’ request under the three requirements set forth in our decision in Clark. The court found the request satisfied the second and third factors, because it was filed with the trial court within the three-year period. As to the first factor, the court concluded the request constituted a step in the prosecution of plaintiffs’ action:
[Gjiven the objectives of the conferences as set forth in the case management schedule, it must be admitted that the ultimate purpose of the conference was to hasten the matter to judgment by selecting deadlines for the parties to conclude all pretrial matters.... Moreover, many district courts require scheduling conferences prior to fixing the matter for trial. Thus, the requests for the scheduling | ^conferences herein could be said to be a necessary step that the [plaintiffs] had to fulfill in order to hasten their case to judgment.
Id., p. 6; 961 So.2d at 438 (emphasis in original). Similarly, in Dendy v. City National Bank, 06-2436 (La.App. 1 Cir. 10/17/07); 977 So.2d 8, the court found plaintiffs request for a status conference to settle pleadings, fix discovery deadlines, and set a pre-trial conference and trial date constituted a step in the prosecution of his action, because the purpose of the *984 conference was to move plaintiffs case towards judgment. Id., p. 9-10; 977 So.2d at 18.
Applying the three Clark requirements to OHH’s April 24th letter, we will first consider whether the letter constitutes a step in the prosecution of the action.
Louisiana District Court Rules, Rule 10.1, prior to its 2009 amendment, provided as follows:
Before filing any discovery motion, the moving party must attempt to arrange a conference with the opposing party for the purpose of amicably resolving the discovery dispute. The conference may be conducted in person or by telephone. The discovery motion must include a certificate stating:
(a) that the parties have conferred in person or by telephone as required by this rule and the reasons why they were unable to agree; or
(b) that opposing counsel has refused to confer after reasonable notice.
If the court finds that opposing counsel has willfully failed to confer, or failed to confer in good faith, the court may impose sanctions.
(emphasis added). Under the rule, a party “must” attempt to arrange a Rule 10.1 conference before the filing of “any” discovery motions. The use of the word “must” indicates the rule’s provisions are mandatory. See, e.g., Borel v. Young, 07-0419, p. 10-11 (La.11/27/07); 989 So.2d 42, 58-59 (on reh’g).
By the express language of the rule, a Rule 10.1 conference is a prerequisite to filing a motion to compel discovery or other discovery motion, which constitutes |ina step in the prosecution of the action.[4] Because the District Court required a Rule 10.1 conference before OHH could file its motion to compel, scheduling the conference was a “necessary step” OHH had to fulfill to hasten the matter toward judgment. Cf. Hidalgo, 06-1531, p. 6; 961 So.2d at 438. Thus, as a practical matter, scheduling a Rule 10.1 conference serves as a step in the prosecution or defense of an action, as it is an essential component of a motion to compel.
The present case is distinguishable from cases holding informal correspondence does not constitute a step, as these cases did not concern a letter scheduling an action specifically required by the District Court before a party could take a step in the prosecution of the action. To treat OHH’s letter as merely informal correspondence ignores the mandatory nature of Rule 10.1. Because a Rule 10.1 conference was a prerequisite to OHH’s motion to compel, we find its April 24th letter effectively functioned as a step in the prosecution of the action.
The second requirement under Clark is the step “must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit.” Clark, 00-3010, p. 6; 785 So.2d at 784. OHH’s letter was not filed in the trial court record; however, this is not the end of our analysis.
This Court in Clark found a defendant-insurer’s unconditional tender of benefits to its insured pursuant to La.Rev.Stat. 22:658(A)(1) constituted an acknowledgment which served as a waiver of the right to assert abandonment. Id., p. 18-22; 785 So.2d at 791-93. In its decision, this Court addressed the formal action requirement, i.e., in order for an action by a party *985 other than formal discovery to constitute a step, it must be before the trial court or filed in the trial | n court record. We noted the two jurisprudential exceptions to the abandonment rule are the only causes outside of the record permitted to interrupt abandonment: (1) a plaintiffs failure to prosecute based on circumstances beyond the plaintiffs control; or (2) a defendant’s waiver of the right to assert abandonment by taking action inconsistent with an intent to treat the case as abandoned. Id., p. 7; 785 So.2d at 784-85.
Despite this conclusion, the Court proceeded to analyze the purpose behind the “judicial engraftment” of the formal action requirement onto Article 561:
“[T]he courts have refused to characterize matters outside the record as steps in the prosecution of the suit because: (a) of the uncertainty of accepting informal non-legal proceedings as a step preventing abandonment; or (b) of the ex parte, informal nature of the action, without formal notice to the opposing party, as being an insufficient step in the advancement of the suit.”
Id., p. 17; 787 So.2d at 790 (quoting DeClouet v. Kansas City Southern Ry. Co., 176 So.2d 471, 476 (La.Ct.App.3d Cir.1965) (Tate, J., dissenting from denial of reh’g)) (emphasis in original). Thus, the formal action requirement was designed to protect defendants, as “allowing informal, ex parte actions to serve as a step in the prosecution ‘might interrupt prescription against abandonment without the opposing parties formally learning of them for months or years, to their possible prejudice.’ ” Id. (quoting DeClouet, 176 So.2d at 476). The Court concluded the absence of defendant’s unconditional tender from the record did not prevent it from constituting waiver, because “[t]he purpose underlying the rule is not present when, as here, it is the defendant taking action and doing so in defense of plaintiffs suit to avoid penalties and attorney’s fees.” Id.
We find the reasoning in Clark is equally applicable to the present case. The April 24th letter was sent by defendant OHH and served on the remaining defendants. Further, like the insurer in Clark, OHH sent the letter in defense of the suit, i.e., to obtain discovery responses from DOTD. We conclude the purpose 1 ^underlying the formal action requirement would not be served in the present case, as all defendants were aware of the letter, and thus, there is no issue of notice.
In reaching its decision in Clark, this Court also criticized our decision in Melancon v. Continental Casualty Co., 307 So.2d 308 (La.1975), which held an agreement by defendant not to take action in state court during the pendency of a federal proceeding was not a waiver, because the agreement was not filed in the state trial court. Id. at 312. Specifically, we found the “broad remark” in Melancon, stating “extrinsic proof of ... waiver cannot be permitted,” was “mistaken to the extent it precludes establishing an acknowledgment by the defendant of an obligation to plaintiff,” as it was “inconsistent with the jurisprudence holding that an order of dismissal based on abandonment may be set aside based upon ‘a showing that a cause outside the record prevented accrual of the [three] years required for abandonment’....” Clark, 00-3010, p. 14-15; 785 So.2d at 788-89 (quoting DeClouet, 176 So.2d at 476). Similarly, today, we hold the broad language in Melancon, requiring “any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record” is mistaken to the extent it precludes actions made by defendants and known to all parties from constituting a step in the prosecution or defense of an action sufficient to interrupt abandonment. This approach *986 comports with the policy considerations behind the formal action requirement as stated in Melancon; at the time an action is dismissed due to abandonment, the status of the litigation must be known with certainty. Melancon, 307 So.2d at 312. Where the action is taken by a defendant and there is no issue of notice by any of the parties, there can be no uncertainty.
This holding is also in keeping with our longstanding jurisprudence requiring a liberal construction of Article 561. “[A]ban-donment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly |1shave been abandoned.” Clark, 00-3010, p. 9; 785 So.2d at 786; cf. Hargis v. Jefferson Parish, 00-0072 (La.3/17/00); 755 So.2d 891 (per cu-riam) (reversing a finding of abandonment based on a letter to the clerk of court requesting service on defendants, which was not filed in the record). Here, DOTD, upon receiving the April 24th letter, contacted OHH and complied with its discovery request. This is not a case where plaintiffs inaction evidences an intent to abandon the suit.
As to Clark’s third requirement, there is no dispute OHH’s letter was sent less than three years before the last step in the action. OHH’s letter was sent on April 24, 2007 and the next formal action in the case occurred on April 22, 2010, when DOTD filed its Requests for Admissions. Accordingly, we find OHH’s letter satisfies the requirements set forth in Clark and interrupts abandonment.
CONCLUSION
In summary, we find sending a letter to all parties scheduling a discovery conference under Louisiana District Court Rule 10.1 constitutes a step in the prosecution or defense of the action. Rule 10.1 requires a discovery conference prior to filing any discovery motion, and discovery motions have the effect of hastening the matter toward judgment. Thus, scheduling a Rule 10.1 conference is a necessary part of the discovery motion process, and a necessary step to hasten a matter toward judgment when a party has failed to comply with discovery requests. Consequently, we reverse the judgment of the Court of Appeal and remand to the District Court for further proceedings.
DECREE
For the foregoing reasons, the judgment of the Court of Appeal is reversed and the matter remanded to the District Court for further proceedings.
REVERSED; REMANDED.
GUIDRY, Justice, dissents and assigns reasons.

. Finding this conclusion dispositive of the case, we pretermit discussion of DOTD’s other arguments.

. See, e.g., Compensation Specialties, L.L.C. v. New Eng. Mut. Life Ins. Co., 08-1549, p. 10 (La.App. 1 Cir. 2/13/09); 6 So.3d 275, 282, writ denied, 09-0575 (La.4/24/09); 7 So.3d 1200 (letter confirming extension of time for discovery); Hica Steel Foundry & Upgrade Co. v. Arklatex Envtl. Consultants, Inc., 39,460, p. 8 (La.App. 2 Cir. 4/6/05); 899 So.2d 802, 807 (letter suggesting a meeting to develop a discovery plan); Naccari v. Namer, 01-2410, p. 4-5 (La.App. 4 Cir. 2/6/02); 809 So.2d 1157, 1160 (letter requesting more complete answers to discovery).

. Jackson v. Moock, 08-1111, p. 7 (La.App. 1 Cir. 12/23/08); 4 So.3d 840, 844-45; see Barrots v. Burrus, 02-1367, p. 4-5 (La.App. 3 Cir. 6/11/03); 854 So.2d 941, 944, writ denied, 03-1984 (La.10/31/03); 857 So.2d 486 ("[S]imply discussing or disputing taking depositions was not enough to constitute a step in prosecution.”).

. Appellate courts have repeatedly treated motions to compel discovery as steps in the prosecution of an action. See Dunn v. City of Kenner, 08-378, p. 8 (La.App. 5 Cir. 3/26/09); 11 So.3d 1115, 1119, rev’d on other grounds, 09-1108 (La.9/18/09); 17 So.3d 400; Mouton v. Patch, 02-0126, p. 4 (La.App. 3 Cir. 6/5/02); 819 So.2d 1153, 1156; Maddie v. Fidelity Nat’l Bank, 93-2308, p. 2 (La.App. 1 Cir. 8/25/94); 641 So.2d 1098, 1099 (per curiam).