GREMILLION, Judge,
dissents.
hi respectfully dissent from the majority’s decision. Louisiana Code of Civil Procedure Article 561(B) reads (emphasis added): “Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.”
The majority is correct that Louisiana Dep’t of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C., 11-912, (La.12/6/11), 79 So.3d 978, held that a conference held pursuant to Rule 10.1 represented a step in the prosecution sufficient to halt the accrual of abandonment. However, that case involved the noticing of all parties of the conference. The majority acknowl *545 edges this holding but explains it away on the basis of first circuit jurisprudence.
“The sources of law are legislation and custom.” La.Civ.Code art. 1. This article states the most fundamental principle in Louisiana judicial interpretation. Jurisprudence — especially a single case — does not constitute law; rather, the expression of the legislature does. The legislature spoke when it enacted Code of Civil Procedure article 561(B). Had the legislature intended to allow partial notice or notice to a single party in multi-party litigation, the legislature could have omitted the phrase “and served on all parties.” But it did not omit those words, and | {.their inclusion is presumed to carry intent. ABL Mgmt., Inc. v. Bd. of Sup’rs of Southern Univ., 00-798 (La.11/28/00), 773 So.2d 131. “When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La.Civ.Code art. 9.
The phrase “and served on all parties” must be given effect. It cannot be ignored. And in this case, the notice of the 10.1 conference was not served on all parties; therefore, in my opinion, the matter was abandoned.