# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

WHITNEY CHELSEY RANDALL

VERSUS

OWEN ANDREW BERCEGEAY

NO. 2019 CW 1191

**JULY 6, 2020**

In Re:    Owen Andrew Bercegeay, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 2014-10347.

**BEFORE:    McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**WRIT GRANTED IN PART; WRIT DENIED IN PART.** The writ application filed by relator, Owen Andrew Bercegeay, is granted in part and denied in part. We find the trial court erred in ordering specific performance of the sale of property in its August 8, 2019 judgment through a summary proceeding. See La. Code Civ. P. art. 2592. We further find the trial court erred in holding Owen Andrew Bercegeay in contempt of court in its August 8, 2019 judgment for his failure to cooperate in the sale of the property according to the judgment signed on February 14, 2019, when the February 14, 2019 judgment did not contain an order to cooperate in the sale of the property but instead ordered him to sign a listing agreement. Therefore, the portions of the trial court's August 8, 2019 judgment that ordered specific performance and that held Owen Andrew Bercegeay in contempt are reversed. We further find that this matter is not abandoned because the defendant, Mr. Bercegeay, voluntarily participated in the December 17, 2018 hearing, thereby waiving his right to assert abandonment. See, e.g., **Louisiana Dept. of Transp. and Development v. Oilfield Heavy Haulers, L.L.C.,** 2011-0912 (La. 12/6/11), 79 So.3d 978, 985-86. The writ is further granted to instruct the trial court to proceed to partition the property between the two co-owners in accordance with La. Code Civ. P. arts. 4601, et seq. In all other respects, this writ application is denied.

**JEW**
**GH**

**McClendon, J.,** concurs.

COURT OF APPEAL, FIRST CIRCUIT

_____
    DEPUTY CLERK OF COURT
        FOR THE COURT