# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**24-584**

**SHEILA RICHARD MALCOLM, ET AL**

**VERSUS**

**JASON RAY GOODWIN, JR., ET AL**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2020-2766
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**WILBUR L. STILES**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Charles G. Fitzgerald, Ledricka J. Thierry, and Wilbur L. Stiles, Judges.

**AFFIRMED.**

**George B. Barron**
**Barron Law Office, PLLC**
**108 N. 7th Street – P.O. Box 279**
**Orange, TX 77631-0279**
**(409) 886-3090**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Sheila Richard Malcolm**
    **Bayllie Faith Hamrick**

**Christopher P. Ieyoub**
**Christopher J. Rinn**
**Plauche, Smith & Nieset, LLC**
**P. O. Drawer 1705**
**Lake Charles, LA 70601**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Jeffrey Hebert, Sr.**

**STILES, Judge.**

The plaintiffs, Sheila Richard Malcolm and Bayllie Faith Hamrick, appeal the trial court's denial of their motion to set aside the order dismissing their petition for damages based on abandonment. For the following reasons, we affirm the trial court's denial of the motion to set aside order of dismissal for abandonment.

## FACTS AND PROCEDURAL HISTORY

On July 21, 2019, Bayllie Faith Hamrick was attending a party hosted by a person identified as Jeffery Hebert. While at the party, Ms. Hamrick was injured by a shot from a firearm discharged by Jason Ray Goodwin, Jr. A personal injury lawsuit was filed July 20, 2020, on behalf of Ms. Hamrick by her grandmother, Sheila Richard Malcolm, as Ms. Hamrick was a minor. The petition alleged that Jason Goodwin, Jr. and Jeffery Hebert were "jointly, severally and solidarily liable unto Plaintiff" for the damages suffered by Ms. Hamrick. Mr. Goodwin was served with process on August 14, 2020 and has never answered the petition. Jeffery Hebert, Sr. was served with process on August 13, 2020 and filed an answer and dilatory exceptions through counsel on November 9, 2020. On November 16, 2020, the trial court issued a notice of hearing for Mr. Hebert's exceptions.

Through discussions with defense counsel, counsel for Plaintiffs learned that there was a Jeffery Hebert, Sr. and a Jeffery Hebert, Jr. While the person intended to be named as a defendant in the lawsuit was Jeffery Hebert, Jr., citation had been served on Jeffery Hebert, Sr. Plaintiffs' counsel asked defense counsel to provide an address where citation could be served on Mr. Hebert, Jr. In response, counsel for Mr. Hebert, Sr. sent an email to Plaintiffs' counsel on July 8, 2021, stating, "I know I said I would get you an address so that you could serve Jeff Jr. an amended petition

and we could dismiss Jeff Sr. It took me a while to get an address, but I finally have it. 5730 Cormier Road, Vinton, Louisiana."

On March 6, 2024, counsel for Mr. Hebert, Sr. filed an ex parte motion for entry of an order of dismissal of the action for abandonment pursuant to La.Code Civ.P. art. 561, arguing that the case had been abandoned since November 17, 2023. An order was signed by the trial court on March 20, 2024, granting the motion for abandonment and dismissing the petition for damages, with prejudice.

On March 7, 2024, after the motion to dismiss for abandonment was filed but prior to the trial court ruling on the motion, Plaintiffs filed a motion for dismissal of the suit against Jeffery Hebert, Sr., but asked to maintain the suit against Jason Goodwin, the shooter. Plaintiffs also filed a First Amended Original Petition, with Ms. Hamrick proceeding on her own as an adult and naming Mr. Goodwin and Jeffery Hebert, Jr. as defendants. On March 20, 2024, the trial court denied both the motion for a judgment of dismissal of the suit against Mr. Hebert, Sr. and the motion for leave to file the amended petition, finding they were moot.

Plaintiffs then filed on April 22, 2024 a motion to set aside the order of dismissal for abandonment. The trial court held a hearing on June 5, 2024, after which the motion to set aside abandonment was denied and the case was deemed abandoned. A written judgment was signed on July 29, 2024.

Plaintiffs now appeal the trial court's July 29, 2024 judgment, asserting two assignments of error.

> Assignment of Error One. The trial court erred in failing to find the July 8, 2021, email from Jeffery Hebert, Sr.'s defense attorney to Plaintiffs/Appellants' attorney was a sufficient "step" under *La. Code Civ. P. art. 561* to interrupt abandonment and reset the abandonment period.

2

Assignment of Error Two. The trial court erred in denying Plaintiffs/Appellants' motion to set aside the order of dismissal for abandonment and in failing to restore this case to the active docket of the trial court allowing Plaintiffs/Appellants to proceed with the litigation.

## DISCUSSION

Louisiana Code of Civil Procedure Article 561 provides, in pertinent part:

> A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years . . . [.]
>
> . . . .
>
> (2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit that states that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. . . .

The supreme court explained in *Clark v. State Farm Mut. Auto Ins. Co.*, 00-3010 p. 5-6 (La. 5/15/01), 785 So.2d 779, 784 (footnotes omitted), that La.Code Civ.P. art. 561 imposes three requirements to avoid abandonment:

> First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by *either party;* sufficient action by either plaintiff or defendant will be deemed a step.

On appeal, the trial court's findings of fact as to whether a step was taken in the prosecution or defense of a lawsuit are reviewed under the manifest error standard, while the determination of whether a proven act precludes abandonment is a question of law to be reviewed by determining whether the trial court's decision was legally correct. *Gueldner v. Allstate Ins. Co.*, 09-720 (La.App. 3 Cir. 2/10/10), 30 So.3d 1143. Additionally, the reviewing court must keep in mind that La.Code

3

Civ.P. art. 561 "is to be liberally construed in favor of maintaining a plaintiff's suit." *Clark*, 785 So.2d at 785. "[A]bandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned." *Id.* at 786.

Plaintiffs address their two assignments of error together, arguing that the trial court's denial of Plaintiffs' motion to set aside dismissal was incorrect because the trial court should have found that the July 8, 2021 email constituted a "step" sufficient to interrupt the three-year abandonment period. They submit that "this case falls within such jurisprudence that allows in certain instances for a 'step' under *561(A)(1)*, not shown of record, to be taken in the prosecution or defense of the case that resets the abandonment period for an additional three years."

In support of their argument, Plaintiffs cite *Clark*, 785 So.2d 779, in which the supreme court was presented with the question of whether a defendant insurer's unconditional tender of benefits interrupted abandonment of the lawsuit. The supreme court noted that "[t]he rule requiring a party's action be on the record is designed to protect a defendant" because it "is intended to ensure notice to the defendant of actions taken that interrupt abandonment." *Id.* at 790. Applying this rationale to the facts of the case before it, the supreme court found that the defendant insurer's unconditional tender of benefits fell within one of the two jurisprudential exceptions to the abandonment rule: "a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned." *Id.* at 785. Thus, the insurer's tender was found to have waived its right to assert abandonment and restarted the abandonment period from the date of tender.

Plaintiffs also cite *Louisiana Department of Transportation & Development v. Oilfield Heavy Haulers, L.L.C.*, 11-912 (La. 12/6/11), 79 So.3d 978, in which the supreme court found that a letter sent by defendant Oilfield Heavy Haulers to plaintiff Louisiana Department of Transportation and Development scheduling a Rule 10.1 discovery conference constituted a step precluding abandonment. The court cited its previous decision in *Clark*, again noting that "the formal action requirement was designed to protect defendants, as 'allowing informal, ex parte actions to serve as a step in the prosecution "might interrupt prescription against abandonment without the opposing parties formally learning of them for months or years, to their possible prejudice.""" *Id.* at 985 (quoting *Clark*, 785 So.2d at 790). In holding that the letter scheduling a Rule 10.1 conference precluded abandonment, the supreme court found that the letter constituted a step in the discovery process, which was a step in the prosecution or defense of the action. It is noted that counsel for Oilfield Heavy Haulers sent a copy of the letter to counsel for the remaining defendants.

In the present case, Plaintiffs submit that the July 8, 2021 email constituted a "step" in the prosecution or defense of the lawsuit when analyzed under the reasonings of *Clark* and *Oilfield Heavy Haulers*. Once Plaintiffs' counsel learned that Jeffery Hebert, Sr. was not the correct party, they intended to amend the petition naming Jeffery Hebert, Jr. as defendant and to dismiss Mr. Hebert, Sr. from the lawsuit, as indicated in the email. However, in order to serve Mr. Hebert, Jr. with the amended lawsuit, Plaintiffs' counsel needed his address. Plaintiffs maintain that the July 8, 2021 email from defense counsel informing them of Mr. Hebert Jr.'s address was a necessary step in the prosecution of the case because they could not proceed without that information. Plaintiffs further argue that all parties knew of the

letter, except for defendant Mr. Goodwin, who had not made an appearance in the case. The email therefore reset the abandonment date to June 9, 2024.

In further support of their argument, Plaintiffs refer to several actions which they admit are not considered "steps" under La.Code Civ.P. art. 561, such as sending public records requests in 2022 to the Calcasieu Parish District Attorney and the Calcasieu Parish Sheriff's Department. Plaintiffs submit that these actions show their intent to proceed with and advance their case within the three-year period prior to the alleged abandonment.

In response to Plaintiffs' arguments, appellee Jeffery Hebert, Sr. contends that such an informal email does not constitute a step in the prosecution of this case sufficient to interrupt abandonment. Although the supreme court held in *Oilfield Heavy Haulers*, 79 So.3d 978, that a letter sent to all parties scheduling a Rule 10.1 conference was sufficient to interrupt abandonment, the court later clarified in *Guillory v. Pelican Real Estate, Inc.*, 14-1539 (La. 3/17/15), 165 So.3d 875, that in order to be considered a step in the prosecution or defense of an action, the correspondence must be served on all defendants, not just one party. The email at issue in the present case was not related to a Rule 10.1 conference, nor was it in response to any discovery because no discovery was ever sent. Additionally, it was only sent by one defendant, Jeffery Hebert, Sr., who is admittedly the wrong defendant, to Plaintiffs' counsel. The other defendant named in the suit, Mr. Goodwin, was not included in the email. Mr. Hebert maintains that the email was merely an informal correspondence between two of the parties, which is not sufficient to interrupt abandonment.

Citing *Oilfield Heavy Haulers*, 79 So.3d 978, Plaintiffs have argued that the email with Mr. Hebert, Jr.'s address was a necessary step in the prosecution of their

case because they could not proceed against Mr. Hebert, Jr. without his address. However, Mr. Hebert, Sr. contends that in order for a step in the prosecution to occur, Plaintiffs would actually have to use the information provided to them in the email by timely amending their petition to include Mr. Hebert, Jr. and serving him with citation. Yet, Plaintiffs failed to act on the information. Therefore, the trial court correctly denied Plaintiffs' motion to set aside abandonment as the case was abandoned on November 17, 2023, and no step was taken in the prosecution or defense of the matter sufficient to interrupt abandonment.

We find the present case distinguishable from *Oilfield Heavy Haulers*. In that case, the supreme court determined that a prerequisite step to a formal act of discovery, a mandatory Rule 10.1 letter, constituted a step in the prosecution of the matter or a necessary step to hasten a matter toward judgment. The court concluded, "Thus, scheduling a Rule 10.1 conference is a necessary part of the discovery motion process, and a necessary step to hasten a matter toward judgment when a party has failed to comply with discovery requests." *Oilfield Heavy Haulers*, 79 So.3d at 986.

The email at issue in this case was an informal cooperative endeavor volunteered by defense counsel. It certainly was not an action taken in furtherance of any formal process or procedure. "[A]n informal letter requesting cooperation in moving a case forward cannot be construed as formal discovery[.]" *Brown v. Kidney and Hypertension Assoc., L.L.P.*, 08-919, p. 12 (La.App. 1 Cir. /12/09), 5 So.3d 258, 267. We cannot construe this email as the equivalent of the Rule 10.1 letter in *Oilfield Heavy Haulers* as it was not a prerequisite step for formal discovery, nor an action before the court.

Furthermore, as noted above, the supreme court made clear in *Clark*, 785 So.2d at 790, that "[t]he rule requiring a party's action be on the record is designed

7

to protect a defendant" because it "is intended to ensure notice to the defendant of actions taken that interrupt abandonment." The supreme court reiterated this principal in *Oilfield Heavy Haulers*, 79 So.3d at 985 when it noted that the letter in that case had been sent by one defendant to all remaining defendants, and thus, "as all defendants were aware of the letter, … there was no issue of notice." It is uncontested that the defendant Mr. Goodwin was not included in the email. Thus, even if it could be argued that the email was a "step" under the requirements of La.Code Civ.P. art. 561, it fails under the jurisprudence requiring notice to all parties of a lawsuit.

The court also noted in *Clark*, 785 So.2d at 784-85, that there were jurisprudential exceptions to the abandonment rule:

> Only two categories of causes outside the record are permitted; namely, those causes falling within the two jurisprudential exceptions to the abandonment rule. Those two exceptions are: (1) a plaintiff-oriented exception, based on *contra non valentem*, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.

As discussed above, the action of defense counsel in this case cannot be construed to be an action of record. Therefore, it must fit into one of these two exceptions. Because this was an action outside of the record that was taken by a defendant, we must look to the defense-oriented rule which is based on acknowledgement and a waiver of the right to assert abandonment. In this matter, counsel for defendant Jeffery Hebert, Sr. sent Plaintiffs' counsel an email informing Plaintiffs' counsel of the last known address of the proper party defendant, Jeffery Hebert, Jr.

In its discussion of what constitutes an acknowledgment, the court in *Clark* cited *Lima v. Schmidt*, 595 So.2d 624, 634 (La.1992):

> A tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing that he will not contest liability. Conversely, mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgments.

Nothing in this action by the defendant can be construed as an acknowledgment of liability or fault. Nor was it an act which would have lulled Plaintiffs into believing defendant would not contest liability. The email at issue here is therefore distinguishable from the facts in *Clark*, 785 So.2d at 793, wherein the court held "that defendant's October 14, 1996 unconditional tender served as an acknowledgment and thus a waiver, which served to recommence the three-year abandonment period."

For these reasons, we find that Plaintiffs' assignments of error number one and two are without merit and that the trial court's denial of Plaintiffs' motion to set aside order of dismissal for abandonment was not manifestly erroneous.

## DECREE

For the foregoing reasons, we affirm the July 29, 2024 judgment of the trial court denying Plaintiffs' Motion to Set Aside Order of Dismissal for Abandonment. Costs of this appeal are assigned to Plaintiffs/Appellants, Sheila Richard Malcolm and Bayllie Faith Hamrick.

**AFFIRMED**