## NOT FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**13-732**

**GEORGE WHITE, SR., ET AL.**

**VERSUS**

**LEONARD HATAWAY, SHERIFF, ET AL.**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 19059
HONORABLE WARREN D. WILLETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese, Judges.

**AFFIRMED.**

Edward Larvadain, III
626 Eighth Street
Alexandria, LA 71301
(318) 445-6717
COUNSEL FOR PLAINTIFFS/APPELLANTS
        George White, Sr., et al.

T. Allen Usry
John F. Weeks, II
Timothy R. Richardson
Usry, Weeks & Matthews
1615 Poydras Street, Suite 1250
New Orleans, LA 70112
(504) 592-4600
COUNSEL FOR DEFENDANTS/APPELLEES
        Leonard Hataway, former Sheriff of Grant Parish, and Rufus Jones

**COOKS, Judge.**

Plaintiffs appeal the trial court's judgment finding the lawsuit filed by Plaintiffs had been abandoned due to the expiration of three years without any steps taken in the litigation. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

On November 21, 2007, Plaintiffs, George White, Sr., Joy G. Holmes, Marilyn Wyatt, Shawanda White, Linda White and Fuderica White filed suit against Defendants, Leonard Hataway, in his capacity as the Sheriff of Grant Parish, and Rufus Jones, a member of the FBI Task Force. The events which led to the lawsuit involved the arrest of Plaintiffs pursuant to a search warrant issued and executed by the Grant Parish Sheriff's Office and Rufus Jones. It was alleged as the basis for the issuance of the search warrant that criminal activities were taking place at a residence in Colfax, Louisiana owned by George White, Sr.

In their lawsuit Plaintiffs alleged excessive force was used by law enforcement personnel, including pointing firearms at defenseless people and minors. Plaintiffs also alleged false arrest and harassment on the part of Defendants.

Original counsel for Defendants was H. Bradford Calvit. Discovery was ongoing in the case on October 27, 2009, when Defendants' counsel provided Plaintiffs with medical releases in preparation for discovery. On January 28, 2013, Defendants' present counsel enrolled as additional counsel of record. On that same day, concluding no further "step" in the proceedings had occurred since October 27, 2009 (in excess of three years), Defendants' counsel filed an *ex parte* motion for abandonment under La.Code Civ.P. art. 561. Defendants filed a memorandum in support of its motion for abandonment and Plaintiffs filed an opposition memorandum. The trial court granted the motion after a hearing on May 7, 2013. Plaintiffs have appealed.

## ANALYSIS

Louisiana Code of Civil Procedure Article 561 provides that an action is abandoned when the parties fail to take any step in the prosecution or defense of the case for a period of three years. A trial court shall enter a formal order of dismissal on *ex parte* motion of any party seeking to dismiss the case on this ground.

Louisiana Code of Civil Procedure Article 561 imposes three requirements to avoid abandonment: 1) a party must take some step toward the prosecution or defense of the action; 2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record; and 3) the step must be taken within three years of the last step taken by either party. *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.*, 11-912, pp. 4-5 (La.12/6/11), 79 So.3d 978, 981, citing *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 5-6 (La. 5/15/01), 785 So.2d 779, 784.

A "step" is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery. *Oilfield Heavy Haulers*, 79 So.3d 978. As Defendants noted, the law "requires something more than a passive effort to keep a suit on the docket of the court. . . ." *Barber v. Bozeman*, 577 So.2d 180, 181 (La.App. 1 Cir. 1991).

Defendants maintain the last "step" taken in this case was on October 27, 2009, when Defendants' counsel provided Plaintiffs with medical releases in preparation for discovery. They argued, and the trial court agreed, that no further "steps" in the prosecution or defense of the action were undertaken after that date. Plaintiffs argued below, and again on appeal, that letters sent to Defendants' previous counsel requesting defense counsel contact him to discuss discovery and litigation were sufficient to interrupt the three-year abandonment period. The

record contains two letters sent from Plaintiffs' counsel to H. Bradford Calvit. On July 11, 2011 , counsel for Plaintiffs sent the following letter to Mr. Calvit:

> After reviewing my files, I noticed that this case has been stagnate. I plan to proceed with this case in the upcoming months. I hope to set depositions in the next several months. I have some trials scheduled for this fall and I hope to complete them so I can turn my attention to this case.
>
> Please review your files so that we can move this case along.

On July 22, 2012, counsel for Plaintiffs sent a second letter to Mr. Calvit:

> I recently reviewed my files and I noticed this case. Please call me so that we can proceed with [d]iscovery and litigation in the very near future.
>
> I look forward to hearing from you in this matter.

Plaintiffs contend these letters constitute a "step" in the prosecution of the case and clearly demonstrate an intent to not abandon the lawsuit. They cite the case of *Pecot v. Calcasieu-Cameron Hospital Service District*, 03-1102, p. 5 (La.App. 3 Cir. 2/18/04), 867 So.2d 56, 60-61, wherein this Court stated:

> The law favors maintaining an action whenever possible so that the aggrieved party has his day in court. The policy underlying this requirement is the prevention of protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. Article 561 is not to be used to dismiss cases where the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action. It is not designed to dismiss actions on mere technicalities but to dismiss those actions which in fact have been abandoned. Dismissal of a suit is the harshest of remedies. The law favors and justice requires that an action be maintained wherever possible so that an aggrieved party has his day in court to which he is entitled. Abandonment proceedings in accordance with Article 561 should be given a liberal interpretation and any action or step taken by plaintiff to move his case toward judgment should be considered.

Plaintiffs also contend Mr. Calvit acted in bad faith in "intentionally ignor[ing]" the letters and "decid[ing] to transfer the case to another lawyer who was not local for the purpose of filing a **Motion to Enroll** and filing a **Motion for Abandonment** all at the same time without even informing opposing counsel that he was no longer involved in the pending case." Plaintiffs assert it was always

their intention to pursue this matter, and they should not have been denied their day in court under the particular facts of this case.

The trial court heard these arguments, and concluded under the law that no action sufficient to interrupt the abandonment period was taken in the prosecution or defense of this matter in over three years. The trial court stated the following:

> With respect to the merits of the various arguments, the case law is clear that correspondence and telephone conversations between counsel, that is not a normal step in the prosecution. Mr. Larvadain [counsel for Plaintiffs], you can call it unclean hands, you can call it unprofessional, you can call it a lot of different things, and you may be right. But, the case law is clear that unless it's filed with the Clerk of Court it's not a formal step. Unless the deposition is set, it's not a formal step. And three years is long enough to take a step, according to the legislature. This isn't my rule. This is the legislature's rule. They say if you don't move . . . if one side or the other doesn't move the case in three years, it's abandonment. And it's not me abandoning it, it's by operation of law. All I've done is recognize the fact that for three years nothing formally took place.

A review of the jurisprudence confirms the result reached by the trial court. The Louisiana Supreme Court in *Oilfield Heavy Haulers*, 79 So.3d at 982-83, stated as follows:

> "Extrajudicial efforts," such as informal settlement negotiations between parties, have repeatedly been held to be insufficient to constitute a step in the prosecution of the action. *Clark* [*v. State Farm Mut. Auto. Ins. Co.*], 00-3010, p. 16 [(La.5/15/01)]; 785 So.2d [779] at 790. Indeed, multiple appellate courts have found informal correspondence between parties regarding discovery matters is not a step sufficient to interrupt abandonment. [See, e.g., *Compensation Specialties, L.L.C. v. New Eng. Mut. Life Ins. Co.*, 08-1549, p. 10 (La.App. 1 Cir. 2/13/09), 6 So.3d 275, 282, *writ denied*, 09-575 (La. 4/24/09), 7 So.3d 1200 (letter confirming extension of time for discovery); *Hica Steel Foundry & Upgrade Co. v. Arklatex Envtl. Consultants, Inc.*, 39,460, p. 8 (La.App. 2 Cir. 4/6/05), 899 So.2d 802, 807 (letter suggesting a meeting to develop a discovery plan); *Naccari v. Namer*, 01-2410, p. 4-5 (La.App. 4 Cir. 2/6/02), 809 So.2d 1157, 1160 (letter requesting more complete answers to discovery).] Additionally, courts have held "simply attempting to schedule" a discovery matter, such as depositions, through informal correspondence is not a step in the prosecution of an action. [*Jackson v. Moock*, 08-1111, p. 7 (La.App. 1 Cir. 12/23/08), 4 So.3d 840, 844-45; see *Barrois v. Burrus*, 02-1367, p. 4-5 (La.App. 3 Cir. 6/11/03), 854 So.2d 941, 944, *writ denied*, 03-1984 (La.10/31/03), 857 So.2d 486 ("[S]imply discussing or disputing taking depositions was not enough to constitute a step in prosecution.")].

Louisiana jurisprudence is clear that correspondence such as took place in this case is viewed as merely an "extra-judicial effort" which is insufficient to constitute a "step" for the purposes of interrupting abandonment. Thus, the recent correspondence exchanged does not constitute a step in the prosecution of this case, and, by operation of law, Plaintiffs' suit was abandoned.

## DECREE

For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed against Plaintiffs-Appellants.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—
Courts of Appeal, Rule 2-16.3.