G. Thomas CATHERINES, Allan J. Hammer and Haskew Brantley, Plaintiffs,

v.

COPYTELE, INC., Bradford Trust Company, Denis Krusos and Frank DiSanto, Defendants.

Michael ABATEMARCO, Plaintiff,

v.

COPYTELE, INC., Bradford Trust Company, Denis Krusos and Frank DiSanto, Defendants.

Nos. 84 CV 4746, 85 CV 1103.

United States District Court, E.D. New York.

April 30, 1985.

Reavis & McGrath by John A. Lowe, Glen Banks, New York City, for plaintiffs.

Polstein, Ferrara & Campriello by Robert Polstein, Austin V. Campriello, New York City, for plaintiff.

Satterlee & Stephens by Henry J. Formon, Jr., James F. Rittinger, New York City, for defendants CopyTele, Krusos and DiSanto.

Bradford Trust Company by Louis J. Maione, Christopher J. Collins, Associate Counsel, Litigation, New York City, for defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

The first of the above-captioned actions was commenced with the filing of a summons and complaint on December 6, 1984, and the second by a similar filing on March 22, 1985.

A hearing on plaintiffs' motion for a preliminary injunction was held in the first action on December 11, 21, and 27, 1984, and January 3, 1985, and the undersigned rendered a decision from the bench on January 9, 1985 which was followed by a formal Memorandum and Order dated and filed February 14, 1985. 620 F.Supp. 1019.

A hearing was held on plaintiff's application for a preliminary injunction in the second action on April 12, 15, and 16, 1985 and the Court issued and filed a formal Memorandum and Order on April 26, 1985. 608 F.Supp. 1024.

On April 29, 1985 the Court received in Chambers a letter dated April 25, 1985 from Christopher J. Collins, Esq., Assistant Counsel for "Fidata Corporation", regarding the second of the above-captioned actions and in which he refers to his client "Bradford Trust Company", one of the defendants named in each of the above-captioned actions.

Approximately a year ago the undersigned purchased some shares of the common stock of the Bradford National Corporation, understanding at the time that the latter corporation was a supplier of computer services and equipment to banks throughout the country. The undersigned had no knowledge or information at that time or at any time prior to the receipt of the aforesaid letter that Bradford National

Corporation had any connection with or relation to the defendant Bradford Trust Company.

The undersigned did receive in the mail a few weeks ago a copy of a notice from Bradford National Corporation that it had changed its name to Fidata Corporation, and on receipt of the aforesaid letter we immediately commenced an inquiry to determine whether there was any relationship between the defendant Bradford Trust Company and Fidata Corporation.

Upon inquiry re same an officer of Paine Webber Inc. advised, after an investigation of records issued by Standard & Poors Corporation, that he was unable to determine any relationship between the two other than the fact that Bradford Trust Company was the transfer agent of Bradford National Corporation.

Upon telephone inquiry this morning by one of my law clerks of Mr. Collins, we determined for the first time that Bradford Trust Company is a wholly-owned subsidiary of Fidata Corporation (formerly Bradford National Corporation).

Section 455 of Title 28, United States Code, requires any judge of the United States to disqualify himself where "he knows that he, individually ... has a financial interest in the subject matter in controversy or in a party to the proceeding ..." and a financial interest is defined as meaning "ownership of a legal or equitable interest, however small ... of a party." Since the undersigned now knows for the first time that he falls within the provisions of such statute, he must forthwith recuse himself in this case.

The Court does note, however, that the defendant Bradford, as its counsel states in the aforesaid letter, "has [had] a de minimus [sic] role in this [matter]" and has not been directly affected to date by any action taken by the Court.

■ The Court does wish to call to the attention of not only the attorneys in these cases but in all cases that there is a continuing obligation on the attorneys to apprise the judges of this and all courts of the true and correct names of all parties in all proceedings and the identities of all affiliated parties and institutions. Rule 9 of the General Rules of this Court and the Southern District of New York specifically requires the following:

"To enable judges and magistrates of the court to evaluate possible disqualification or recusal, counsel for a private (non-governmental) party shall submit at the time of initial pleading a certificate of identification of any corporate parents, subsidiaries, or affiliates of that party."

Needless to say, had counsel for Bradford Trust Company advised the Court that such company was a wholly-owned subsidiary of Bradford National Corporation, or indeed, if he had (as he should have) advised this Court that Bradford Trust Company's name was changed to Fidata Trust Company New York, several weeks ago, the undersigned would have immediately recused himself and not participated any further in these cases.

No such advice was ever given to this Court nor did this Court have any knowledge or information or any hint of any such relationship prior to April 29, 1985. Hence, it knew of no reason why it shouldn't proceed in these matters as it did.

Accordingly, the Clerk of Court is hereby directed to reassign the above-captioned actions by random selection to another judge of this Court.

SO ORDERED.