JUDGE SANDRA CABRINA JENKINS
|! Relator Lisanne Alack Dussouy seeks review of the trial court’s December 2, 2016 judgment granting plaintiff Roy F. Dussouy, Jr.’s Motion to Recuse Judge Bernadette D’Souza. For the reasons that follow, we grant the writ application and reverse the trial court’s judgment.
Factual and Procedural Background
Judge D’Souza has handled this contentious domestic matter-since August 2014. Following a status conference in September 2016, counsel for Mr. Dussouy learned that Judge D’Souza’s law clerk, Sara Gu-ruswamy, had previously accepted employ *199 ment with Winsberg & Arnold, the law firm representing Ms. Dussouy. On November 28, 2016, Mr. Dussouy filed a Motion to Recuse Judge D’Souza under La. C.C.P. art. 151(A)(4) and La. Rule of Professional Conduct 1.12. In the Motion to Recuse, Mr. Dussouy described the “prohibited conduct” as Judge D’Souza’s “interest and/or bias” toward Ms. Dussouy’s law firm, and an unspecified party’s failure to give him written notice of opposing counsel’s relationship to Judge D’Souza so that he would have the opportunity to give his informed consent. According to Mr. Dussouy, because recusal “promote[s] confidence in the judiciary by avoiding even the appearance of impropriety,” 12recusal was required because the prohibited conduct created a “strong appearance of partiality.”
The recusal matter was heard before Judge Regina Bartholomew Woods on December 2, 2016. After hearing testimony at the recusal hearing, Judge Woods stated: “So while it disturbs me greatly to do this, I find that while there is no actual bias, no actual impropriety, to avoid the appearance of impropriety I have no choice but to recuse Judge D’Souza. from this matter.”
On December 2, 2016, Judge Woods signed a judgment granting Mr. Dussouy’s Motion to Recuse, and re-allotting the matter to another domestic court division. On December 20, 2016, the law firm of Winsberg & Arnold withdrew from representing Ms. Dussouy in this matter. Discussion
In support of his argument for recusal, Mr, Dussouy relies on La. C.C.P. art. 151(1)(4), Canon 3(C) of the Code of Judicial Conduct, and Rule of Professional Conduct 1.12. -
La. C.C.P. art. 151
La. C.C.P. art, 151 sets forth the mandatory grounds for recusal, stating, in pertinent part:
A. A judge of any court, trial or appellate, shall be recused when he: ...
(4) Is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties’ attorneys or any witness to such an extent that he would be unable to conduct fair and impartial proceedings.
According to the Louisiana- Supreme Court, Article 151(A)(4) “ ‘requires a finding of actual bias or prejudice,’ which ‘must be of substantial nature and based on more than conclusory allegations.’” Covington v. McNeese State Univ., 10-0250, pp. 2-3 (La. 4/5/10), 32 So.3d 223, 224-25. See also Succession of Manheim, 03-0282, 03-0283, p. 8 (La.App. 4 Cir. 10/15/03), 859 So.2d 836, 840 (“A judge can only be removed upon a finding of actual bias or prejudice; a substantial appearance of impropriety or even a mere appearance of impropriety are not causes for removing a judge.”); Guidry v. First Nat'l Bank of Commerce, 98-2383, pp. 5-6 (La.App. 4 Cir. 3/1/00), 755 So.2d 1033, 1037 (“mere appearance of impropriety” cannot be a basis for recusal); Chauvin v. Sisters of Mercy Health Sys., 01-1834, pp. 2-3 (La.App. 4 Cir. 5/8/02), 818 So.2d 833, 835 (same).
Our review of the record confirms that Mr. Dussouy failed to present a substantial factual basis for a showing of actual bias or prejudice necessary to support his claim that Judge D’Souza “would be unable to conduct fair and impartial proceedings.” Thus, we find that Mr. Dussouy has failed to satisfy his burden of showing that Judge D’Souza should be recused pursuant to La. C.C.P. art. 1151(A)(4).
Code of Judicial Conduct Canon 3(C)
In his writ application, Mr. Dussouy also contends that recusal was required under *200 Canon 3(C) of the Code of Judicial Conduct:
C. Recusation. A judge should disqualify himself or herself in a proceeding in which the judge’s impartiality might reasonably be questioned and shall disqualify himself or herself in a proceeding in which disqualification is required by law or applicable Supreme Court rule. In all other instances, a judge should not recuse himself or herself. (Emphasis added.)
The denial of a motion to recuse based on Canon 3(C) of the Code of Judicial Conduct is reversible error. See Folse v. Transocean Offshore USA, Inc., 04-1069 (La. 5/7/04), 872 So.2d 467. As with La. C.C.P. art. 151(A)(4), a party |4who challenges a trial judge’s non-compliance with Canon 3(C) has the “burden to prove that a recusal is warranted by presenting evidence of a substantial nature and based on more than conclusory allegations.” Disaster Restoration Dry Cleaning, L.L.C. v. Pellerin Laundry Mach. Sales Co., 05-0715, p. 5 (La. 4/17/06), 927 So.2d 1094, 1097.
Again, we find that Mr. Dussouy has failed to satisfy his burden of presenting substantial evidence which might reasonably call into question Judge D’Souza’s impartiality in this matter.
Rule of Professional Conduct 1.12
Finally, Mr. Dussouy argues that recusal was required because Ms. Gurus-wamy and Winsberg & Arnold violated Louisiana Rule of Professional Conduct 1.12 by failing to provide written notice that Ms. Guruswamy was employed by Ms. Dussouy’s law firm, which created “a taint and a presumed appearance of impropriety that cannot be erased from this case if it remained on Judge D’Souza’s docket.”
Rule 1.12 of the Louisiana Rules of Professional Conduct states:
(a) Except as stated in paragraph (d), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer or law clerk to such a person unless all parties to the proceeding give informed consent, confirmed in writing. ...
Rule 1.16(a) provides:
(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
(1) the representation will result in a violation of the rules of professional conduct or other law;
IsWe find no legal basis in Rule of Professional Conduct 1.12 for the recusal of Judge D’Souza based on the alleged failure of Ms. Guruswamy and/or Winsberg & Arnold to notify Mr. Dussouy in writing that Judge D’Souza’s law clerk was hired by Ms. Dussouy’s attorneys. Rule 1.12 requires only that the Winsberg & Arnold law firm withdraw from representing Ms. Dussouy, which it did in this matter.
Conclusion
Neither La. C.C.P. art. 151(4), Canon 3(C) of the Code of Judicial Conduct, nor Rule 1.12 of the Rules of Professional Conduct require the recusal of Judge D’Souza in this matter. Accordingly, we reverse the trial court’s December 2, 2016 judgment.
WRIT GRANTED; REVERSED
LANDRIEU, J., DISSENTS WITH REASONS.
*201 LOBRANO, J., CONCURS IN THE RESULTS OF THE MAJORITY OPINION
LEDET, J., DISSENTS WITH REASONS