| | | |
|---|---|---|
| **H. EDWARD SHERMAN** | * | **NO. 2024-CA-0658** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **OLD POINT BAR, POINT** | * | |
| **INVESTMENT COMPANY,** | | **FOURTH CIRCUIT** |
| **INC., WARREN P. MUNSTER,** | * | |
| **JR., DALE EDWARD** | | **STATE OF LOUISIANA** |
| **TRIGUERO, ABC INSURANCE** | * * * * * * * | |
| **COMPANY, CARELESS** | | |
| **CUSTOMER, ZZZ** | | |
| **INSURANCE COMPANY,** | | |
| **BILLY BALLARD, AND XYZ** | | |
| **INSURANCE COMPANY** | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2011-03517, DIVISION "I-14"
Honorable Lori Jupiter
* * * * * *
**Judge Monique G. Morial**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Tiffany Gautier Chase, Judge Monique G. Morial)

H. Edward Sherman
H. EDWARD SHERMAN, APLC
6020 Carlisle Court
New Orleans, LA 70131

          COUNSEL FOR PLAINTIFF/APPELLANT

Jeremy J. Pichon
PICHON LAW FIRM, L.L.C.
365 Canal Street
Suite 1490
New Orleans, LA 70130

          COUNSEL FOR DEFENDANT/APPELLEE

                  **AFFIRMED**
                  **MARCH 20, 2025**

*MGM*

*DLD*

*TGC*

This is an abandonment action. Appellant, H. Edward Sherman, appeals the trial court's May 28, 2024 judgment, denying his motion to set aside the April 9, 2018 order and judgment of dismissal and/or alternatively, motion to annul judgment. For the foregoing reasons, we affirm.

## Facts and Procedural History

This litigation arises from an April 1, 2010 incident in which Mr. Sherman and his dog were out for a walk near Old Point Bar in Algiers Point. As Mr. Sherman and his dog approached Old Point Bar, he observed a pit bull lying outside near a table. Initially, Mr. Sherman tried to avoid interaction with the pit bull by leaving the sidewalk adjacent to the bar and walking in the traffic lane on Patterson Avenue. However, the pit bull allegedly charged at him and his dog; as a result, Mr. Sherman suffered injuries and damages. On March 31, 2011, Mr. Sherman[1] filed his suit *pro se* against eight defendants: Old Point Bar, Point Investment Company, Inc., Warren P. Munster, Jr., Dale Edward Triguero, ABC

---

[1] Mr. Sherman is a member of the Louisiana State Bar, but filed his own action.

Insurance Company, Billy Ballard, XYZ Insurance Company, and "Careless Customer." The only defendants served with the lawsuit were Warren P. Munster, Jr., Old Point Bar, Point Investment Company, Inc. and Dale Edward Triguero. The appellees, Old Point Bar, Point Investment Company, Inc. and Warren P. Munster, Jr., filed an answer in the trial court on May 24, 2011.

On August 27, 2012, Mr. Sherman filed a notice of change of address into the court record and then a subsequent notice of change of address on December 23, 2014. Thereafter, on February 25, 2016, Attorney Laurence Cohen filed a motion and order to enroll as counsel of record on behalf of Mr. Sherman. The appellees filed an *ex-parte* motion for order of dismissal on the grounds of abandonment on March 28, 2018. The trial court granted the *ex-parte* motion to dismiss and signed an order and judgment of dismissal on April 9, 2018. On April 9, 2021-three years after the filing of the motion to dismiss- Mr. Sherman filed a motion to set aside the dismissal/and in the alternative a motion to annul judgment in which he alleged that he had not first received notice of the dismissal of his case until January 2021.

On April 12, 2021, Mr. Sherman filed a supplemental and amending motion to set aside the order of dismissal, or alternatively motion to annul judgment. The hearing date on Mr. Sherman's motion to set aside dismissal was set for July 21, 2021. On July 8, 2021, Mr. Sherman filed a motion to continue and the hearing was reset for September 2, 2021. The appellees filed an opposition to the motion to set aside order of dismissal on August 25, 2021. Due to Hurricane Ida, the matter

3

was continued without date. Mr. Sherman filed a motion to reset the hearing on April 11, 2024. Mr. Sherman's motion to set aside was finally set and heard on May 16, 2024. Judgment was rendered and signed on May 28, 2024 denying Mr. Sherman's motion to set aside order of dismissal. On May 23, 2024, Mr. Sherman requested written reasons for judgment wherein the trial court stated that the last step in the prosecution of the case was taken on May 24, 2011, the date that appellees/defendants filed their answer. Mr. Sherman filed the instant appeal on July 25, 2024.

## Assignments of Error

Mr. Sherman lists twelve assignments of error. For ease of discussion, we summarize Mr. Sherman's assignments into the following categories: abandonment, fraud and ill practices and *contra non valentem*.

### Abandonment

Mr. Sherman alleged that the trial court erred in determining that he did not meet his burden of proof for his motion to set aside the April 9, 2018 order and judgment of dismissal and/or alternatively motion to annul judgment. Whether an action has been abandoned is a question of law in which the appellate courts review to determine if the trial court's interpretative decision is correct. *Harmonia LLC v. Felicity Properties Co., LLC*, 23-0579, p. 4 (La. App. 4 Cir. 10/16/23), 376 So.3d 939, 943 (citation omitted). Questions of law are reviewed *de novo* by appellate courts. *Rixner v. Planned Parenthood Gulf Coast, Inc.*, 18-0897, p. 4 (La. App. 4 Cir. 4/24/19), 270 So.3d 733, 736. However, "[w]hether a step in the

4

prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis." *Williams v. Montgomery*, 20-01120, p. 6 (La. 5/13/21), 320 So.3d 1036, 1042.

La. C.C.P. art. 561(A)(1) provides that an action abandons "when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding." La. C.C.P. art. 561(A)(2) states, in part:

> This provision shall be operative without formal order, but, on ex-parte motion of any party or other interested person by affidavit that states no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.

"Because dismissal is the harshest of remedies, any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment." *Louisiana Dep't of Transp. & Dev.*, 11-0912, p. 5 (La. 12/6/11), 79 So.3d 978, 982, (citation omitted). "The intention of [La. C.C.P. art. 561] is not to dismiss suits as abandoned based on technicalities, but only those cases where plaintiff's inaction during the three-year period has clearly demonstrated his abandonment of the case." *Louisiana Dep't of Transp. & Dev.*, 11-0912, p. 5, 79 So. 3d at 982 (quoting *Clark v. State Farm Mut. Auto. Ins. Co.* 00-3010, p. 8-9 (La. 5/15/01), 785 So.2d at 785-86).

Mr. Sherman also averred that the trial court erred in determining the last step in the prosecution of his lawsuit was May 24, 2011. Mr. Sherman filed his petition for damages on March 31, 2011. One of the appellees, Warren Munster, filed a motion for extension of time on April 13, 2011. Shortly thereafter, on May 24, 2011, the appellees filed an answer. Mr. Sherman subsequently filed two

notices of change of address on August 27, 2013 and December 23, 2014. Laurence Cohen enrolled as his counsel of record on February 25, 2016.[2] The appellees filed the *ex-parte* motion to dismiss on the grounds of abandonment on March 18, 2018. Motions to enroll or substitute counsel are not considered formal steps in the prosecution as contemplated by the abandonment article. *London Livery, Ltd., v. Brinks*, 08-0230, p. 2 (La. App. 4 Cir. 12/10/18), 3 So.3d 13, 15. A notice of change of address, like a motion to enroll or substitute counsel, is not a step in the prosecution of a suit. *Bailey v. Bailey*, 18-0521 (La. App. 4 Cir. 11/28/18), 260 So.3d 764, 768 (citation omitted). The notices of change of address and the motion to enroll did nothing to hasten Mr. Sherman's claim to judgment. *See Louisiana Dep't of Transp. & Dev.*, p. 5, 79 So.3d at 981. After our *de novo* review of the trial court record, we find no error in the trial court's denial of the motion to set aside April 9, 2018 order and judgment of dismissal. Seven years elapsed between the filing of the appellees' Answer and the motion to dismiss on the grounds of abandonment. After review of the trial court record, and its written reasons for judgment, we find that the trial court was not manifestly erroneous in determining that the last step in the prosecution of Mr. Sherman's claim was taken on May 24, 2011. Mr. Sherman's suit abandoned on its face as of that date; he offered no tangible proof that explains his inactivity in the prosecution of his suit during this seven-year period. We find no merit to Mr. Sherman's first and second assignments of error.

Mr. Sherman asserted that the trial court erred by disregarding his evidence that the appellees were served with his propounded discovery documents on March

---

[2] In an affidavit, Mr. Cohen attested that he represented Mr. Sherman from February 2016 through January 2017. He did not file a formal motion to withdraw into the record.

8, 2013, February 23, 2016, and March 9, 2018. He alleged that the trial court erroneously relied on the appellees' assertion that they did not receive his discovery requests. Mr. Sherman attached affidavits to his motion to set aside dismissal, specifically exhibits 2-5, to demonstrate that he had taken steps to prosecute his action by propounding discovery. While he refers to these exhibits in his argument before the trial court, the transcript from the May 16, 2024 hearing reflects that Mr. Sherman never offered, filed, or introduced these exhibits into evidence. "Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. Further, [a]ppellate courts are courts of record and may not review evidence that is not in the appellate record or receive new evidence. *Id.*

None of the affidavits relied on by Mr. Sherman were properly before the trial court at the time of the hearing, and thus not properly before this court on appeal. Thus, Mr. Sherman failed to meet his burden of proof that service of discovery on the appellees constituted a step in the prosecution that would interrupt abandonment. These assignments of error are without merit.

Mr. Sherman avers that the trial court erred by not scheduling a contradictory hearing on appellees' ex-parte motion to dismiss because an affidavit was necessary to support appellees' allegations regarding abandonment. The language of La. C.C.P. art. 561 is clear. An *ex-parte* motion accompanied by an affidavit affirming that no step in the prosecution has been taken timely is sufficient to support an order of dismissal for abandonment. Moreover, La. C.C.P. art. 963(A) provides: "If the order applied for by written motion is one to which

7

the mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party." The article on abandonment permits the mover to obtain a dismissal upon the filing of an *ex-parte* motion with an accompanying affidavit. *See* La. C.C.P. art. 561(A)(2). Further, La. C.C.P. art. 963, permits the court to grant an order *ex-parte* without notice to the adverse party. A contradictory hearing was not required. Therefore, we do not find that the trial court committed error.

Mr. Sherman alleges that the trial court erred by not annulling the order and judgment of dismissal due to non-compliance with the mandatory requirements of La. C.C.P. art. 561(A)(2). La. C.C.P. art. 561(A)(2) mandates that the trial court enter a formal order as of the date of its abandonment. It also states: "[t]he sheriff shall serve the order in the manner provided in Article 1314[3] and shall execute a return pursuant to Article 1292.[4] *Id.*

_____

[3] La. C.C.P. art. 1314 provides:

> A. A pleading which is required to be served, but which may not be served under Article 1313, shall be served by the sheriff by either of the following:
>
> (1) Service on the adverse party in any manner permitted under Articles 1231 through 1266.
>
> (2)(a) Personal service on the counsel of record of the adverse party or delivery of a copy of the pleading to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
>
> (b) Except as otherwise provided in Article 2293, service may not be made on the counsel of record after a final judgment terminating or disposing of all issues litigated has been rendered, the delays for appeal have lapsed, and no timely appeal has been taken.
>
> B. Personal service on a partner or office associate of a counsel of record, including a secretary, receptionist, legal staff, administrative staff, or paralegal in the employ of the counsel of record, at the office address of record of the counsel of record shall constitute valid service under Paragraph A of this Article.

[4] La. C.C.P. art. 1292(A) provides:

In his twelfth assignment of error, Mr. Sherman states that the clerk of court erred in 2018 by not mailing a copy of the April 9, 2018 order and judgment of dismissal, pursuant to La. C.C.P. art 1913(D). La. C.C. P. art. 1913 (D) requires the clerk of court to file a certificate into the record showing the date of the mailing of the notice of signing of judgment and the parties and counsel to whom it was mailed. We consider these assignments of error together as Mr. Sherman alleges he was prejudiced due to procedural errors by the trial court and clerk of court.

In the order and judgment of dismissal rendered on April 9, 2018, the trial court dismissed Mr. Sherman's claim "as of the date of abandonment." While the trial court did not list the date of abandonment in the order and judgment of dismissal, Mr. Sherman fails to pinpoint in his brief to this court how he was prejudiced by this action, as well as the sheriff's failure to serve him with the order. In January 2021, he discovered that his lawsuit had been dismissed in 2018. Three months later, on April 9, 2021, Mr. Sherman filed his motion to set aside. The matter was set for hearing on September 2, 2021, but the matter was continued without date due to Hurricane Ida. The case, then, was dormant for another three years. Mr. Sherman filed a motion to reset on April 11, 2024. Again, his brief to this court is void of any argument or explanation as to Mr. Sherman's failure to pursue this matter for three years. Yet, after this delay, he was able to obtain judicial review of the abandonment of his lawsuit on May 16, 2024.

---

The sheriff shall endorse on a copy of the citation or other process the date, place, and method of service and sufficient other data to show service in compliance with law. He shall sign and return the copy promptly after the service to the clerk of court who issued it. The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct. The court, at any time and upon such terms as are just, may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

Mr. Sherman, has suffered no harm, nor experienced prejudice as a result of the order and judgment and dismissal failing to list the date of abandonment, the sheriff failing to serve the order of dismissal upon him, or the clerk of court failing to mail the dismissal to him. He was afforded the opportunity in open court to dispute the dismissal of his lawsuit for abandonment; thus, any defects in the order and judgment of dismissal and the service of the same in 2018 were cured in 2024. Pursuant to our *de novo review*, we find no error in the trial court's denial of his motion to set aside the order and judgment of dismissal due to abandonment.

**<u>Fraud and Ill practices</u>**

Mr. Sherman asserts that the trial court erred in determining the appellees' failure to serve the appellant with a copy of their *ex-parte* motion was not an ill practice. "Trial courts are permitted discretion in deciding when a judgment should be annulled because of fraud or ill practices, to which discretion reviewing courts will defer." *Duckworth Properties, L.L.C. v. Williams*, 10-0244, p. 2 (La. App. 4 Cir. 11/24/10), 52 So.3d 287, 289 (quoting *Wright v. Louisiana Power & Light*, 06-11-81, p. 12 (La.3/9/07), 951 So.2d 1058, 1067). "Our courts examine each case from an equitable viewpoint to ascertain whether allowing the judgment to stand would be inequitable or unconscionable,' considering the practice by which the party was able to obtain the judgment. *Id.* (quoting *Alonso v. Bowers*, 222 La. 1093, 64 So.2d. 443, 444 (1953).

Pursuant to La. C.C.P. art. 2004, a judgment obtained by fraud or ill practices may be annulled within one year of the discovery by the plaintiff. "Under this article, the party seeking annulment must show both that the challenged judgment resulted from a deprivation of a legal right and that its enforcement would be 'unconscionable and inequitable.' " *England v. England*, 16-0936, p. 19

10

(La. App 4 Cir. 6/28/17), 223 So.3d 582, 592 (quoting *Guidry v. First Nat. Bank of Commerce*, 98-2383, p. 3 (La. App. 4 Cir. 3/1/00), 755 So.2d 1033, 1036. "Conduct which prevents an opposing party from having an opportunity to appear or to assert a defense constitutes a deprivation of legal rights." *Kem Search, Inc. v. Sheffield*, 434 So. 2d 1067, 1070 (La. 1983). "The purpose of an action for nullity is to prevent injustice which cannot be corrected through new trials and appeals." *Alexander v. La. State Bd. of Private Investigator Examiners*, 15-0537, p. 46-47, 211 So.3d 544, 572-73 (quoting *Expert Oil & Gas L.L.C. v. Mack Energy Co.*, 16-0068, p. 4, 203 So. 3d 1080, 1083) (citations omitted).

Moreover, La. C.C.P. art. 561 does not require service of an *ex-parte* motion for abandonment upon the opposing party. *Rixner*, 18-0897, p. 11, 270 So.3d at 740.

> The only service that is required occurs after the motion for abandonment is ruled upon and the opposing party is served with the resulting order of dismissal. Additionally, when an order applied for by written motion is one to which mover is clearly entitled without supporting proof, such as in an abandonment matter, a trial court may grant the order *ex parte* and without hearing the adverse party.

*Id. See also* La. C.C.P. art. 963. Since abandonment occurs by operation of law, the *ex-parte* motion for abandonment is not required to be served on opposing counsel. *Wilkerson v. Buras*, 13-1328 (La. App. 1 Cir. 8/12/14), 152 So.3d 969, 976. The appellees filed the *ex-parte* motion to dismiss in conformity with La. C.C.P. art. 561. This assignment of error lacks merit.

Mr. Sherman alleges that the trial court erred in finding the appellees' instruction for the civil sheriff to serve appellant with the April 9, 2018 order and judgment of dismissal was not an ill practice. Mr. Sherman asserts that the appellees knew his correct address because they noted that two notices of change

11

of address had been filed into the record, but purposefully mailed the order and judgment of dismissal to the wrong address. As a consequence of failing to mail the dismissal to correct address, Mr. Sherman was deprived of his right to file an opposition.

The trial court found that Mr. Sherman failed to prove that the appellees engaged in ill practices by instructing the sheriff to serve the dismissal at his old address despite updating his new address in the record. In written reasons for judgment, the trial court stated: "[T]he district court found that regardless of the service of this pleading, the case would have still been considered abandoned even if the plaintiff would have filed and argued an opposition." We agree. Mr. Sherman was not deprived of a legal right here, as he did eventually file an opposition to the order and judgment of dismissal which the trial court considered. This assignment of error also lacks merit.

Mr. Sherman also states that the district court erred in determining the appellees' affidavit in support of the *ex-parte* motion to dismiss was not fraudulent. Specifically, he takes issue with the appellees' assertion that they had not received discovery from Mr. Sherman since May 2011. Mr. Sherman refers in his brief to a March 9, 2018 letter to Mr. Pichon scheduling a Rule 10.1 conference as proof that he intended to prosecute his claim. Mr. Sherman attempted to schedule this Rule 10.1 conference in 2018 to obtain responses to discovery that he propounded in March 2013 and February 2016. Appellees argued in response, that Mr. Sherman's failure to file a motion to compel or hold a rule 10.1 conference for approximately five years failed to put them on notice that discovery was pending.

However, it was Mr. Sherman's burden to prove that the appellees' fraudulent affidavit somehow deprived him of a legal right. Instead of producing

12

facts to support his allegation of fraud, Mr. Sherman relies solely on conclusory statements that appellees engaged in fraud and ill practices to deprive him of notice of the order and judgment of dismissal, and the right to file an opposition to the dismissal. He makes similar arguments against dismissal due to abandonment to maintain his lawsuit, however, these arguments hold no weight. His ability to seek redress with the trial court was delayed, but not denied. Pursuant to our *de novo* review, we find that the trial court did not commit error in denying Mr. Sherman's motion to set aside due to fraud and ill practices.

**Contra non valentem**

Regarding *contra non valentem*, Mr. Sherman alleged that the trial court erred in finding the affidavit of Dr. William Brasted was not dated. He argued that the trial court erred in determining the evidence of appellant's mental illness was not a contributing factor sufficient to invoke the doctrine of *contra non valentem*. As noted above, Dr. Brasted's affidavit was not offered, filed and entered into the record; as such this court cannot consider it. As Mr. Sherman sought to use Dr. Brasted's affidavit to establish his mental illness, and the applicability of *contra non valentem* as a jurisprudential exception to abandonment, we pretermit further discussion as these assignments of error lack merit.

## DECREE

For the reasons stated herein, we affirm the trial court's judgment May 28, 2024 judgment denying Mr. Sherman's motion to set aside the April 9, 2018 order and judgment of dismissal and/or alternatively, motion to annul judgment.

**AFFIRMED**